UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA L. PAYNE,

          Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

          Defendant.

CASE NO. C11-5320BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), Defendant Michael J. Astrue, Commissioner of Social Security's ("Commissioner") objections to the R&R (Dkt. 22), and Plaintiff Debra L. Payne's ("Payne") response (Dkt. 23).

**I. PROCEDURAL HISTORY**

    On April 22, 2011, Payne filed a complaint requesting judicial review of an administrative law judge's ("ALJ") decision that she was not disabled. Dkt. 1. On December 19, 2011, Judge Strombom issued an R&R recommending that the Court

ORDER - 1

reverse the ALJ's decision and remand the action for further administrative proceedings consistent with her findings. Dkt. 15. The parties did not file objections to the R&R and a judgment was entered by the Court on January 1, 2012. Dkt. 17.

On April 23, 2012, Payne filed a motion for attorney's fees (Dkt. 18) and on May 10, 2012, the Commissioner responded (Dkt. 19). On June 6, 2012, the Court referred the motion to Judge Strombom for consideration. Dkt. 20. On June 25, 2012, Judge Strombom issued an R&R recommending that Payne's motion for attorney's fees be granted. Dkt. 21. On July 9, 2012, the Commissioner filed objections to the R&R (Dkt. 22) and on July 23, 2012, Payne responded (Dkt. 23).

## II. DISCUSSION

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(B).

Under the Equal Access to Justice Act ("EAJA"), the district court must award attorney fees to the prevailing party, unless it concludes the government's position opposing the appeal of an ALJ's finding was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 (1988)). "A substantially justified position must have a reasonable basis both in law and fact." *Id.*

1   Here, the Court concludes that the Commissioner has failed to show that it had a

2 substantially justified position that had a reasonable basis in law and fact.  The magistrate

3 judge recommended reversing the Commissioner's decision finding that the ALJ

4 improperly rejected the opinion of Payne's examining psychologist Dr. Brown.  Dkt. 15

5 at 11.  The magistrate judge held that the ALJ's decision regarding Dr. Brown did not

6 have a reasonable basis in law (*see* Dkt. 21 at 6) and the Commissioner has failed to show

7 otherwise.  Accordingly, the R&R recommending that Payne's motion for attorney's fees

8 be granted will be adopted.

## III. ORDER

10   Therefore, having considered the R&R, the Commissioner's objections, Payne's

11 response to the objections, and the remaining record, the Court hereby **ADOPTS** the

12 R&R (Dkt. 21) and the Court will enter an order awarding attorney's fees to Payne.

13   Dated this 25th day of September, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge